**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jane LR Doe,
Plaintiff,
v.
Apple Incorporated,
Defendant.

No. CV-26-06621-PHX-DJH

**ORDER**

On October 2, 2026, Plaintiff Jane LR Doe ("Plaintiff") filed an Unopposed Motion for Leave to Proceed under Pseudonym (Doc. 6). As the Motion's title indicates, Defendant Apple Inc. ("Defendant") does not oppose the Motion, so no response is necessary. For the reasons stated below, the Court will grant Plaintiff's Motion.

Federal Rule of Civil Procedure 10(a) requires that "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Given the "paramount importance of open courts," "the default presumption is that the plaintiffs will use their true names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1046 (9th Cir. 2010). Notwithstanding this presumption, the Ninth Circuit has acknowledged that special circumstances may arise where "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). To determine whether anonymity is needed, district courts evaluate the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the

anonymous party's vulnerability to such retaliation. *See id.* The precise prejudice to the opposing party is an ongoing inquiry at each stage of proceedings, which requires the court to determine "whether proceedings may be structured so as to mitigate that prejudice." *Id.* And "[f]inally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

Here, the very nature of these proceedings helps cement that the first and second factor weigh in favor of Plaintiff's anonymity. Plaintiff brought this case due to the stalking and tracking that she was experiencing (*see generally* Doc. 1), and especially given that these acts led to physical assault and property destruction against Plaintiff, the need for anonymity is clear due to the severity of the threatened harm and the reasonableness of Plaintiff's fears. Because of the acts that have already transpired, the Court further finds that Plaintiff is vulnerable to retaliation. Next, as Defendant does not oppose this Motion, there is no prejudice against Defendant that can be discerned at this time; however, the Court acknowledges that this inquiry will be ongoing during the stages of these proceedings. Lastly, the Court agrees that Plaintiff's identity is not central to the issues to be decided in this matter, and therefore revealing Plaintiff's identity does not best serve the public's interest. *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them."). Ultimately, because the "nondisclosure of [Plaintiff's] identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment," she will be allowed to proceed under the pseudonym Jane LR Doe. *Adv. Textile Corp.*, 214 F.3d at 1067–68 (cleaned up).

However, the Court notes one important point, under the Local Rules, leave to file under seal will not be granted on blanket or future basis. *See* LRCiv 5.6. Both parties should closely follow the procedure set out in Rule 5.6 when seeking to file documents under seal and remember that a proper showing must be made as to each document. Finally, Plaintiff is advised that redactions are preferable to sealing entire documents.

Accordingly,

**IT IS ORDERED** that Plaintiff's Unopposed Motion for Leave to Proceed under Pseudonym (Doc. 6) is **GRANTED**. Plaintiff may proceed under a pseudonym and all filings to the Court shall refer to Plaintiff as "Jane LR Doe."

Dated this 2nd day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge